IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MENARD, INC.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>FARM BUREAU FINANCIAL SERVICES,<br><br>　　　Defendant. | Case No: _____<br><br><br>**PETITION FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff Menard, Inc. (hereinafter "Menards") through its counsel, MWH Law Group LLP and submits the following Petition for Declaratory Judgment against Farm Bureau Financial Services (hereinafter "Farm Bureau") and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. Plaintiff Menard, Inc. is a Wisconsin corporation authorized to do business in the State of Iowa, with a local registered agent Corporation Service Company, 505 5th Avenue, Des Moines, IA 50309.

3. Defendant Farm Bureau Financial Services is an Iowa corporation, with a local registered agent Edward G. Parker, 5400 University Avenue, West Des Moines, Iowa 50266.

4. Plaintiff brings this action to obtain a declaratory judgement finding that Farm Bureau has a duty defend or indemnify Menards in connection with a lawsuit filed in the Iowa District Court in and for Des Moines County, entitled *Cynthia J. Bowen vs. Menards, Inc.*, which was removed to the United States District Court for the Southern District of Iowa, Eastern Division, Case No.

3:21-cv-23 (hereinafter "the Underlying Litigation"). A copy of which is attached hereto as Exhibit A.

5. Diversity jurisdiction exists because: (a) there is a complete diversity of citizenship between Menards and Farm Bureau, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Menards in the Underlying Lawsuit, exceeds $75,000.

6. Venue is appropriate under 28 U.S.C. § 1391 because Farm Bureau's principal place of business is in the Southern District of Iowa – Central Division, and the acts from which the Underlying Lawsuit originated, occurred in the Southern District of Iowa – Eastern Division.

## UNDERLYING LAWSUIT

7. The Underlying Litigation was filed on February 16, 2021.

8. In the Underlying Litigation, Plaintiff Cynthia Bowen (hereinafter "Bowen") alleges that she was injured at the Menards store located at 614 West Agency Road, West Burlington, Iowa 52655 on April 13, 2019.

9. The Underlying Litigation alleges that Menards employee David Beeler was negligent, and its negligence was a direct and proximate cause for Bowen's injuries and that Menard, Inc. is vicariously liable for the negligent acts of its employee, David Beeler.

10. Bowen seeks damages for past and future medical expenses, lost wages and loss of earning capacity, past and future loss of fill mind and body, past and future pain and suffering, and miscellaneous expenses in the Underlying Litigation.

## GROUNDS FOR DECLARATORY JUDGMENT

11. On April 13, 2019, and at all times relevant herein, Bowen was the owner of a 2008 Toyota Tacoma.

12. On April 13, 2019, and at all times relevant herein, Bowen's 2008 Toyota Tacoma was insured by Farm Bureau under Policy Number 8155916.

13. On April 13, 2019, Menard employee David Beeler was assisting Bowen with loading treated wood she had purchased from the Menards store located at 614 West Agency Road, West Burlington, Iowa 52655 into her 2008 Toyota Tacoma.

14. During that process, Bowen claims she was injured (the "incident").

15. As a result of the injuries Bowen sustained from the incident, Bowen filed the lawsuit.

16. Farm Bureau Policy Number 8155916 covering Bowen's 2008 Toyota Tacoma on April 13, 2019 contained a loading and unloading clause providing, *inter alia*, as follows:

> **Bodily Injury Liability Coverage and Property Damages Liability Coverage**
>
> We cover "damages" that result from "bodily injury" or "property damages" "caused by" an "occurrence" to which these coverages apply involving the ownership, operation, maintenance, use, loading, unloading or negligent entrustment of "your personal vehicle." ("Omnibus Clause"). A copy of Farm Bureau Policy Number 8155916 is attached hereto as Exhibit B.

17. The Omnibus Clause contained in the Farm Bureau Policy Number 8155916 was triggered by the incident and provides coverage for the alleged negligent acts of David Beeler and Menard, Inc. is entitled a defense and indemnification in connection with the Underlying Litigation.

**WHEREFORE** the Plaintiff, Menard, Inc., respectfully prays that a Declaratory Judgment be entered in its favor and against Defendant, Farm Bureau Financial Services, and prays that this Court will make the following findings as a matter of law:

1. That the 2008 Toyota Tacoma was owned by Bowen at the time of the incident.

2. That the 2008 Toyota Tacoma was covered under Farm Bureau Policy Number 8155916 at the time of the incident.

3. Menard employee David Beeler is an unnamed insured as defined by the Omnibus Clause and his liability is covered by the Farm Bureau Policy Number 8155916. As a result, Menard, Inc. is entitled a defense and indemnification in connection with the Underlying Litigation.

4. For any such other and further relief as this Court deems just and proper in the circumstances.

Dated this 27th day of December, 2021.

Respectfully submitted,

*/s/ Kerrie M. Murphy*
Kerrie M. Murphy, AT0005576
Julie T. Bittner, AT0009719
MWH LAW GROUP LLP
1501 42nd Street, Suite 465
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: kerrie.murphy@mwhlawgroup.com
E-mail: julie.bittner@mwhlawgroup.com
*Attorneys for Plaintiff Menard, Inc.*